UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 90 |
| | ) | Hon Ruben Castillo |
| FERNANDO DELATORRE, et al. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits this response to defendant Salazar's proposed special jury instructions and defendants' proposed special verdict forms, and respectfully requests that this Court deny defendants' proposals.

**I.      Defendant Salazar's Proposed Special Jury Instructions Should Be Rejected.**

Defendant Salazar argues that this Court should instruct the jury that their findings in Phase 2 of the trial will determine whether a particular defendant is eligible for a life sentence on Count One. However, precedent indicates that defendant Salazar has no right to an instruction informing the jury of the sentencing consequences of its decisions.

In *Shannon v. United States*, 512 U.S. 573, 574 (1994), the Supreme Court rejected a defendant's argument that the jury should be informed that a defendant acquitted by reason of insanity could be committed to a mental institution. In reaching that decision, the Court commented on the separate roles of the judge and jury:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not

> within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Id.* at 579. The Court also noted that jurors generally are not informed of mandatory minimum or maximum sentences. *Id.* Similarly, the Seventh Circuit has stated that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (affirming denial of defendant's request to instruct jury on mandatory life sentence). The long-standing prohibition against juror consideration of sentencing issues has been upheld by courts all over the country.[1]

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." However, the *Apprendi* decision did not shift the basic division of labor described by the Court in *Shannon*. *Apprendi* simply requires the jury to occasionally decide additional *facts* that may be relevant to the judge's sentencing determination. Nothing in *Apprendi* indicates that a jury's factfinding responsibilities with respect to the sentencing phase are somehow different than the guilt phase. Information regarding the ultimate sentence

---

[1] *See, e.g., United States v. Harrison*, 2006 WL 1217888 (9th Cir. 2006) ("[A]ppellant argues that the district court erred when it refused to instruct the jury that he faced a mandatory sentence of fifteen years to life if convicted. We have repeatedly held, however, that district judges should not instruct juries on the sentencing consequences of a verdict when the juries have no role in fixing punishment."); *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995) ("[E]very circuit to address this issue has held that a defendant is not entitled to an instruction about a mandatory sentence."); *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir.1991) ("We hold a jury instruction about mandatory minimum sentences was properly omitted because the offenses do not specifically require jury participation in sentencing."), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir.1995); *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C.Cir.1991) ("[T]he district court committed no error in refusing to inform the jury about the mandatory minimum sentence."); *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir.1990) ("The court need not instruct the jury that the defendant will receive a mandatory sentence if he or she is found guilty."); *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir.1974) ("It is error to tell the jury about the consequences of a certain verdict even if they are mandatory."); *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir.1970).

imposed remains wholly irrelevant to the jury's determination of facts in either phase.

Defendant Salazar's reliance on *United States v. Polizzi*, 2008 WL 877164 (E.D.N.Y. April 1, 2008), is misplaced. In that case, the district court rejected legions of cases, uniformly holding that a jury should not be informed of the applicable sentence, holding those cases were inconsistent with the principles set forth in *Apprendi*, *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). *Polizzi*, 2008 WL 877164 at *130-31. However, the district court's decision in *Polizzi* is neither persuasive nor controlling; in fact, the court's decision in *Polizzi* is directly contrary to the Supreme Court's decision in *Shannon* and the Seventh Circuit's decision in *Lewis*. Defendant Salazar has preserved the issue for appeal.

Defendant Salazar's proposed instructions serve no legitimate purpose and simply invite juror nullification based on the potential consequences of the verdict. *Johnson*, 62 F.3d at 850-51 ("[T]he only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law."). Accordingly, the government respectfully requests that this Court reject defendant Salazar's proposed instructions.

## II. Defendants' Proposed Special Verdict Forms Should Be Rejected.

The defendants have proposed a set of Special Verdict Forms to be given to the jury as opposed to those proposed by the government. For the following reasons, the government respectfully requests that its Special Verdict Forms be given.

First, from a purely semantic point of view, the defendants' verdict forms are confusing and difficult to comprehend.[2] The defendants' forms alternate between different language within each

---

[2] Additionally, at times, the defendants' verdict forms are factually inaccurate. For example, defendant Christian Guzman is not alleged to have participated in the murder of Robert Perez. Rather, he is alleged to have been the shooter during the David Lazcano homicide on August 11, 2002. In the government's verdict forms, the different violent acts are correctly matched to the appropriate defendants.

verdict form for different findings the jury is required to make. For example, in the Delatorre Special Verdict Form, the first four findings ask the jury to determine if the particular murder at issue was "committed" or "did not commit." For the next five findings, the jury is asked if certain propositions were "proved" or "not proved." Then, when the jury is asked to consider whether defendant Delatorre was a member of the narcotics conspiracy, they must make a "guilty" or "not guilty" determination. Following that determination, the jury is then asked to determine whether certain drug amounts were "proven" or "not proven."

To begin with, it is unclear why there needs to be so many different permutations for defendant liability during this phase of the proceedings. Second, there is no attempt on the part of the defendants' to define or anyway distinguish for the jury what these different terms mean (either independently or with respect to one another). That is why the government's proposal makes more sense in that the jury is given just one standard of liability to use throughout its consideration of these special findings – proven versus not proven.

Further adding to the confusion associated with the defendants' verdict forms, the "Premeditation of Murders" section is a morass of repetitive instructions and internal cross-references. The opening paragraph to this section asks the jury to do the following: "If, but only if, you find that defendant _____ committed one or more of the murders set forth above, answer the questions below that correspond to the murder or murders you found to be committed (and, whether or not you answer these questions, continue to Paragraph 12)." This is certainly not a model of grammatical clarity. Then, assuming the jury can still follow, the defendants' instructions ask the jury to consider whether each particular murder with which a defendant has been charged was premeditated. In doing so, the jury is asked to consider four propositions before determining if premeditation has been "proved" or "not proved."

The government objects to this procedure for the "Premeditation of Murders" section for two reasons. To begin with, the first of the four propositions in this section asks the jury to find that the particular defendant under consideration "is guilty of the first degree murder of [a specific victim]." This first proposition is unnecessary and duplicitive of the previous murder-specific findings the jury was asked to make. Second, it does not make sense to repeat each of the premeditation factors for each of the murders the jury is asked to consider. Instead, as the government proposes, it would be more efficient and easier for the jury to understand if the premeditation factors are listed in one place and then the jury is asked to determine if the government has proven or not proven whether each murder was premeditated using those factors.

The government also objects to the defendants' proposed Verdict Forms concerning the narcotics conspiracy. The objectionable language is illustrated using the proposed verdict form for defendant Delatorre in paragraph 13: "If you find defendant Delatorre guilty of the narcotics conspiracy, you must find the type and amount of each of the controlled substances, if any, that has been proved beyond a reasonable doubt to have been involved in the offense *and to have been reasonably foreseeable to defendant Delatorre*." (Emphasis added).

The italicized language above essentially is asking the jury to make a defendant-specific drug quantity determination for a conspiracy charge. This is inappropriate and contrary to the controlling Seventh Circuit case law. *See United States v. Seymour*, ____ F.3d ____, 2008 WL 755300, at *8 (March 24, 2008) ("a jury need not make a defendant-specific drug quantity determination" following a finding of guilt on the underlying narcotics conspiracy); *United States v. Tolliver*, 454 F.3d 660, 669 (7th Cir. 2006) (same); *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003) (same). "Once a jury has determined that a conspiracy involved a type and quantity of drugs, and has found a particular defendant guilty of participating in the conspiracy, the jury has established

the statutory maximum sentence that any one participant in the conspiracy may receive." *Seymour*, 2008 WL 755300, at *8. To avoid running afoul of this clear and unequivocal line of Seventh Circuit authority, the government respectfully requests that the Court instruct the jury with respect to the narcotics conspiracy as the government proposes in its Special Verdict Forms.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/Patrick C. Pope
        PATRICK C. POPE
        CHRISTOPHER HOTALING
        MEGHAN C. MORRISSEY
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300

## CERTIFICATE OF SERVICE

        The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS**

was served pursuant to the district court's ECF system as to all ECF filers, on April 9, 2008:

        s/Meghan C. Morrissey
        MEGHAN C. MORRISSEY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-4045